IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:19-CV-605-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Eligah Darnell, a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed on exhaustion grounds.

**I. BACKGROUND**

Petitioner has been indicted for the offense of failing to comply with sexual offender registration requirements in Tarrant County, Texas, Case No.1575071D, and is confined awaiting trial.[1] Resp't's Resp. 2-3, ECF No. 6. In this federal petition, Petitioner raises three grounds for relief in which he claims that the indictment violates double jeopardy and collateral estoppel (grounds one and two) and in which he complains of the "futility in state process" as it relates to the requirement that documents be filed electronically (ground three). Pet. 5-6, ECF No. 1. Respondent has filed a response asserting that the petition should be dismissed in part for failure to exhaust state-court remedies and denied in part. Resp't's Resp. 5, ECF No. 6.

---

[1] He is also confined on a parole violation hold. Resp't's Resp. 2, ECF No. 6

**II. DISCUSSION**

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review, either from conviction itself or, as here, from the disposition of a pre-conviction application for writ of habeas corpus, or post-conviction writ of habeas corpus. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pre-trial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses

prematurely in federal court" is not allowed. *Id.* at 493.

Both parties assert, and provide documentary proof, that Petitioner has filed one or more pre-trial state habeas applications relevant to one or more of his claims, which remain pending at this time. Resp't's Resp. 4, ECF No. 6; Pet'r's 2nd Supp. 2, ECF 12. *See also* TEXAS JUDICIAL BRANCH, http://www.txcourts.gov (last visited April 16, 2020). As such, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of the claims. Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, this Court should, and will, abstain from considering Petitioner's claims out of deference to the state courts.

In summary, Petitioner has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this time. Petitioner must first pursue his state habeas-corpus remedies through completion before seeking relief under § 2241. Accordingly, dismissal of this petition for lack of exhaustion is appropriate so that Petitioner can fully exhaust his state-court remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

### III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice. Further, for the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 17th day of April, 2020.

3

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**